Jane E. Graham, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Lexington, Ky., for the U.S., plaintiff-appellee.

Winfrey P. Blackburn, Stites & Harbison, Bruce F. Clark (argued), John A. Bartlett, and Stites & Harbison, Frankfort, Ky., for Stearns Coal and Lumber Co., defendant-appellant.

Before KRUPANSKY and NELSON, Circuit Judges, and PECK, Senior Circuit Judge.

**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**The STEARNS COMPANY (formerly known as Stearns Coal and Lumber Company), Defendant–Appellant.**

**No. 88–5709.**

United States Court of Appeals, Sixth Circuit.

Argued March 20, 1989.

Decided April 28, 1989.

KRUPANSKY, Circuit Judge.

The Stearns Company, formerly known as Stearns Coal and Lumber Company (Stearns), defendant-appellant, has appealed from the denial of its motion for relief of judgment, pursuant to Rule 60 of the Federal Rules of Civil Procedure, by the United States District Court for the Eastern District of Kentucky, wherein the appellant had asserted that, by virtue of a recent decision of the Supreme Court of Kentucky in *Akers v. Baldwin,* 736 S.W.2d 294 (Ky.1987), it was entitled to undertake strip mining operations for the removal of

coal deposits of some 46,842.4 acres of land which it had conveyed to the United States, plaintiff-appellant, in 1937 and which now forms part of the Daniel Boone National Forest.

This controversy has been before this court previously. In *United States v. Stearns Coal & Lumber Co.*, a panel of this court affirmed a decision of the United States District Court for the Eastern District of Kentucky concluding that the appellant's interest in the subsurface mineral rights, which it had retained under the 1937 deed of conveyance to the United States, was subservient to the surface rights of the United States and, consequently, foreclosed Stearns from commencing strip mining of the property without first obtaining permission from the government. *United States v. Stearns Coal & Lumber Co.*, 816 F.2d 279 (6th Cir.), *aff'g* 595 F.Supp. 808 (E.D.Ky.1984), *cert. denied*, —— U.S. ——, 108 S.Ct. 344, 98 L.Ed.2d 370 (1987). In arriving at its resolution, the initial panel of this court relied upon two alternative bases in affirming the district court's decision: first, the application of section 381.-940 of the Kentucky Revised Statutes mandated the conclusion that the parties had not intended to permit strip mining of underlying coal deposits from the property in question at the the time of the 1937 conveyance; [1] and second, that under the common law of Kentucky, as divined from the pronouncements of existing case precedent, the deed of trust did not authorize Stearns to engage in strip mining practices to remove subsurface mineral deposits. *Stearns Coal & Lumber Co.*, 816 F.2d at 283–84.

Contemporaneously with its decision in 1984, the district court had certified the question of the validity of section 381.940 under the Kentucky Constitution to the Supreme Court of Kentucky. Following the circuit's 1987 decision, the Kentucky Supreme Court ultimately concluded that section 381.940 violated the principle of separation of legislative and judicial authority under the Kentucky Constitution, and declared the statute was unconstitutional. *Akers v. Baldwin*, 736 S.W.2d 294 (Ky. 1987). In its decision, the Kentucky Supreme Court revisited existing Kentucky precedent concerning the respective rights of the property owners who had conveyed subsurface mineral rights with surface reservations and concluded that the subsurface owners were to be deemed the dominant estate and were permitted to engage in extracting the minerals by any means whatsoever.

Stearns thereafter filed a Rule 60(b) motion with the district court, requesting relief from its 1984 decision. On June 9, 1988, the district court denied the motion by a memorandum and order, concluding that the Kentucky Supreme Court's reexamination of case law in *Akers* did not alter the district court's earlier determination that, under the particular deed form here in issue, the surface property owner, namely the United States, constituted the dominant estate. *See United States v. Stearns Co.*, 595 F.Supp. at 812–13 (1937 deed at issue not a broad form deed; language used in deed indicated that parties intended surface rights to be dominant estate), *aff'd sub nom. United States v. Stearns Lumber & Coal Co.*, 816 F.2d at 281–83 (same). On June 30, 1988, Stearns timely filed an appeal from the trial court's denial of its Rule 60(b) motion.

Subsequent to filing this appeal, the Kentucky Legislature enacted a constitutional amendment, which was enrolled and signed

---

1. The text of that statutory provision provided that:

In any instrument heretofore or hereafter executed purporting to sever the surface and mineral estate or to grant a right to extract minerals, which fails to state or describe the method of coal extraction to be employed, or where said instrument contains language subordinating the surface estate to the mineral estate, it shall be held, in the absence of clear and convincing evidence to the contrary, that the intention of the parties to the instrument was that the coal be extracted only by the method or methods of commercial coal extraction commonly known to be in use in Kentucky in the area affected at the time the instrument was executed, and that the mineral estate be dominant to the surface estate only for the purposes of coal extraction by the method or methods of commercial coal extraction commonly known to be in use in Kentucky in the area affected at the time the instrument was executed.
Ky.Rev.Stat. § 381.940.

by both Houses on March 28, 1988 and was approved by the voters of the state on November 8, 1988 on which date it became effective, which enacted the operative language of section 381.940, the statute that had been declared unconstitutional under Kentucky law in *Akers*.[2] During oral argument before this court, both sides conceded that the constitutional validity of this amendment had yet to be construed pursuant to the United States Constitution. Accordingly since the validity of the new constitutional amendment has not been juxtaposed with the United States Constitution, and since the parties have indicated an intention to test the validity of the newly enacted Kentucky constitutional amendment, which decision may be finally dispositive of this protracted litigation, this case is REMANDED to the district court for further proceedings consistent with this opinion.

**2.** The text of the constitutional amendment read as follows:

Section 19 of the Constitution [shall] be amended to provide that in any instrument heretofore or hereafter executed purporting to sever the surface and mineral estates or to grant a mineral estate or a right to extract minerals, which fails to state in specific terms the method of coal extraction to be employed, or where said instrument contains language subordinating the surface estate to the mineral estate, it shall be held, in the absence of clear evidence to the contrary, that the intention of the parties to the instrument was that the coal be extracted only by the methods of commercial coal extraction commonly known to be in use in the area affected at the time the instrument was executed, and that the mineral estate be dominant to the surface estate for the purposes of coal extraction by only the methods of commercial coal extraction commonly known to be in use in the area affected at the time the instrument was executed.

Constitutional Amendment # 2, effective November 8, 1988.