**UNITED STATES of America,**
**Plaintiff–Appellee,**

**Frederic J. Cowan, Attorney General of the Commonwealth of Kentucky, Intervening Plaintiff–Appellee,**

**v.**

**The STEARNS COMPANY,**
**Defendant–Appellant.**

**No. 91–5334.**

United States Court of Appeals, Sixth Circuit.

Argued Sept. 26, 1991.

Decided Nov. 18, 1991.

Rehearing and Rehearing En Banc Denied Jan. 29, 1992.

Louis DeFalaise, U.S. Atty., Jane E. Graham, Asst. U.S. Atty. (argued and briefed), Lexington, Ky., for plaintiff-appellee.

Frederic J. Cowan, Atty. Gen., Robert V. Bullock, Asst. Atty. Gen., Frankfort, Ky., E. Douglas Richards (briefed), Lexington, Ky., for intervenor-appellee.

Winfrey P. Blackburn, Bruce F. Clark (argued and briefed), John A. Bartlett (briefed), Stites & Harbison, Frankfort, Ky., for defendant-appellant.

Before KENNEDY and NELSON, Circuit Judges, and BROWN, Senior Circuit Judge.

KENNEDY, Circuit Judge.

The Stearns Company ("Stearns") appeals the District Court's denial of relief under Federal Rule of Civil Procedure 60(b). Stearns sought reconsideration of the District Court's earlier finding that Stearns did not possess the right to remove minerals by strip mining from a parcel of land it deeded to the United States in 1937. Specifically, Stearns asked the District Court to reconsider the case in light of the Kentucky Supreme Court case of *Akers v. Baldwin*, 736 S.W.2d 294 (Ky.1987), which redefined Kentucky law as it related to the dominance of a mineral estate over the surface estate. We find that the *Akers* decision, which is directed only to disputes involving broad form deeds, is not applicable here. We therefore AFFIRM the decision of the District Court.

## I.

In 1937, Stearns deeded surface rights to over 46,000 acres of property in Wayne and McCreary Counties, Kentucky. The deed reserved for Stearns the mineral rights to the property. The government purchased the land as part of a National Forest. In 1976, Stearns sought permission to strip mine a portion of the property. The Forest Service denied permission for two reasons: (1) that Stearns did not have a legal right under the deed, and (2) that the Surface Mining Control and Reclamation Act of 1977 prohibited this activity. Following the denial, Stearns brought this declaratory relief action in District Court. The District Court, following a bench trial, held that the mining reservation contained in the 1937 deed did not include the right to strip mine the property.

Stearns appealed the District Court's decision. This Court affirmed. *United States v. Stearns Coal & Lumber Co.*, 816 F.2d 279 (6th Cir.), *cert. denied*, 484 U.S. 953, 108 S.Ct. 344, 98 L.Ed.2d 370 (1987). Although we based our decision on the terms of the deed and Kentucky common law, the opinion noted that a Kentucky Statute, Ky.Rev.Stat. 381.940, prohibited strip mining unless strip mining was a common practice at the time of the deed or the parties clearly intended that strip mining could occur. At the time this Court issued its decision, the Kentucky Supreme Court was considering the constitutionality of Ky. Rev.Stat. 381.940 in *Akers*. The Kentucky court had heard arguments in the *Akers* case but had not yet issued its decision. This Court noted,

[i]f KRS 381.940 is unconstitutional, we adhere to our holding affirming the district court based upon the common law of Kentucky. Judge Siler, however, also recognized that the statute might be applicable and constitutional, and wisely took evidence on the question whether strip mining was commonly known to be used in this area in 1937....

*Stearns*, 816 F.2d at 283.

Five months after this Court's decision, the Kentucky Supreme Court decided *Akers*. The Kentucky court found Ky.Rev. Stat. 381.940 unconstitutional and held that, under Kentucky law, "the owner of mineral rights under a broad form deed may use the surface—all of it—to acquire the minerals lying thereunder." 736 S.W.2d at 304. Following the decision, Stearns filed for relief from judgment pursuant to Federal Rule Civil Procedure 60(b). The District Court denied Stearns' motion finding that *Akers* applied only to broad form deeds and the 1937 Stearns' deed was not a broad form deed. Stearns again appealed to this Court. Subsequent to the filing of this appeal, the Kentucky legislature enacted a constitutional amendment which contained the language of the statute found unconstitutional in *Akers*. In light of this enactment, this Court remanded the case back to the District Court to determine the validity of the Kentucky

constitutional amendment under the United States Constitution. 873 F.2d 134.

The District Court determined that, as applied to the specific facts before it, the enacted amendment was constitutional. It did not impair the rights of the parties since Stearns never had a right to surface mine. The District Court also reaffirmed its denial of Federal Rule Civil Procedure 60(b) relief and its finding that *Akers* did not apply to this action.

## II.

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment or order for various reasons which justify the relief. Stearns requested relief under Rule 60(b)(5), which permits relief where "it is no longer equitable that the judgment should have prospective application," and Rule 60(b)(6) which allows a grant of relief for any other reason justifying such relief.

■ The District Court, in its original decision on this matter, noted that "the parties agree that the deed here is not a 'broad form' deed but is more narrowly written." Further, the court found "from all the language in the deed that the parties did not intend that Stearns would have superior rights to extract the minerals over the surface rights of the government." This Court, in the first appeal, agreed with the District Court and recognized that

> [t]he language of this deed varies from many "broad form deeds" entered into in Kentucky during the early part of this century. In those deeds, under which the mineral owner could mine virtually without limitation, the surface estate has been held subservient to the dominant estate of the mineral holder.

*Stearns,* 816 F.2d at 281.

The language of the *Akers* decision makes it clear that the decision applies only to broad form deeds. In fact, Chief Justice Stephens begins his opinion stating, "[o]n this appeal we again consider the legal effect of the so-called 'broad form deeds' on the conflicting rights of the owners of the surface ... and the owners of the

mineral rights...." 736 S.W.2d at 296. Because *Akers* is limited to cases involving broad form deeds, it is inapplicable to this case. The parties, the District Court, and this Court in its previous decision have all recognized that the 1937 Stearns' deed is not a broad form deed.

■ Stearns argues that even though the deed in this case is not a broad form deed, its description of mineral rights in broad terms justifies the dominance of the mineral estate. We find this argument to be without merit. This Court held in the first appeal that "[w]e believe that the clauses in this deed do not indicate that the parties 'intended that the mineral owner's rights to use the surface in removal of the minerals would be superior to any competing right of the surface owner.'" *Stearns,* 816 F.2d at 282 (quoting *Martin v. Kentucky Oak Min. Co.,* 429 S.W.2d 395, 397 (Ky.1968)). Clauses in the deed limit the mineral owner's rights to disturb the surface estate, require surface supports when underground mining, prohibit hydraulic mining (a form of strip mining), restrict the destruction of timber, and specify that all mining tunnels must be open for inspection by government agents.[1] These provisions indicate that the 1937 deed was not intended to reserve for Stearns all mining rights and is not equivalent to the broad form deeds discussed in *Akers.*

■ In making the argument that *Akers* applies even though the 1937 deed is not a broad form deed, Stearns relies on the discussion in *Akers* of *Commerce Union Bank v. Kinkade,* 540 S.W.2d 861 (Ky. 1976), *cert. denied,* 430 U.S. 915, 97 S.Ct. 1326, 51 L.Ed.2d 593 (1977). In *Commerce Union,* the Kentucky Supreme Court ruled that a particular deed did not grant the right to strip mine. The deed considered in *Commerce Union* was not a broad form deed and the Kentucky Supreme Court indicated in its opinion that each deed would need to be considered on a case-by-case basis to determine whether mineral rights were subordinate to the surface rights. The Kentucky Supreme Court in *Akers* noted that "[t]o the extent *Commerce Union*

---

1. These relevant provisions may be found in *Stearns,* 816 F.2d at 281.

is inconsistent with the present opinion, *Commerce Union* is overruled." 736 S.W.2d at 304. We do not read this language to mean that all deeds which reserve mineral rights subordinate the surface rights to the mineral rights. Rather, we believe that the Kentucky Court was overruling only that part of *Commerce Union* which discussed broad form deeds and the status of the mineral rights under those deeds. Thus, the *Akers* decision, and its reference to *Commerce Union*, does not change the outcome of this case.

As this Court noted in the first appeal of this case, its original decision would stand regardless of whether the Kentucky statute at issue in *Akers* was found to be constitutional. Because we find that the *Akers* decision does not mandate relief from the previous judgment, we will not consider the constitutionality of the Kentucky amendment.

### III.

For the reasons stated above, we AFFIRM the District Court's denial of relief from judgment under Federal Rule Civil Procedure 60(b).